IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ALICIA CUMMINGS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 118-161 |
| | * | |
| LAYNE MITCHELL, LEWIS GOLDEN, | * | |
| and AU MEDICAL CENTER, INC. | * | |
| and its predecessors and | * | |
| successors, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is Defendants Layne Mitchell, Lewis Golden, and AU Medical Center, Inc.'s joint motion to dismiss Plaintiff's first amended complaint in lieu of answer or in the alternative motion for more definite statement. (Doc. 17.) Plaintiff Alicia Cummings asserts three counts in her 332-paragraph Amended Complaint: denial of promotion, hostile working environment, and constructive termination. For the following reasons, Defendants' motion is granted in part.

Plaintiff is a black woman who worked for over ten years as a "PRN radiologic technologist" on an "as needed" basis for Defendant AU Medical Center, Inc. (See Am. Compl., Doc. 15, ¶¶ 6, 14.) PRNs work unpredictable hours, from no work to more than full time within a week, without health benefits or an annual

bonus. (See id. ¶¶ 15-17.) Plaintiff worked as a PRN for ten and a half years despite her efforts to become a full-time employee. (See id. ¶¶ 21-22.)

Defendant Layne Mitchell, a white man, was the Director of the Radiology Department and supervised both Plaintiff and Defendant Lewis Golden. (See id. ¶ 7.) Defendant Golden is also a white man and served as a Chief Technologist in the Radiology Department, a role that gave him supervisory and personnel-management authority over Plaintiff. (See id. ¶ 8.)

The Amended Complaint also states that:

> Plaintiff timely filed [an] EEOC Charge . . . which the EEOC received 12.20.2016, for a promotion denied 8.22.2016; and, Plaintiff submitted an Intake Questionnaire to the EEOC received by the EEO (sic) on 11.07.2016, that outlined race and gender discrimination, and a severe or pervasive hostile environment, or one of harsher terms and conditions of employment and unfair treatment, as to promotions and benefits on account of race, gender, and retaliation, and indicated she sought to file a Charge.

(Id. ¶ 4.).[1] The paragraph following the one quoted above states that a right to sue letter was issued on June 20, 2018. (See id. ¶ 5.)

---

[1] The importance of the contents of an EEOC Charge and their relation to the Complaint at the motion to dismiss stage must be stressed. See Alexander v. Fulton Cty., Ga., 207 F.3d 1303, 1332 (11th Cir. 2000) ("A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).

2

Beyond these basic facts, the Amended Complaint begins to meander. It first details instances of alleged discrimination before delineating the three Counts, which in turn refer to many of the preceding paragraphs not contained within one of the Counts. The three Counts then proceed to rehash many of the same allegations, sometimes incorporating the entirety of the preceding Counts. (See, e.g., ¶¶ 296, 326.) The three Counts also assert claims under various statutes, including Title VII and 42 U.S.C. §§ 1981 and 1983.

The bulk of the Amended Complaint traces Plaintiff's time working as PRN from 2008 to 2017. It recounts Defendants' repeated hiring and promoting of allegedly underqualified white employees. However, it fails to state a cohesive legal claim with these allegations.

The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where

3

each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.

The Amended Complaint commits all four of these "sins" in some degree. Id. at 1321-23 (referring to the four types of shotgun pleadings as "sins"). As to the first, Count II incorporates all of Count I, and Count III incorporates Counts I and II. (See Am. Compl. ¶¶ 296, 326.) The Amended Complaint is also replete with facts not obviously connected to any particular cause of action. The following examples are illustrative.

Paragraphs 161 through 169 are included in their entirety:

161. In 2016, Henrietta LNU, Black woman, in radiology scheduling, was denied a promotion in which she was performing the job, and the job was given to a White woman with no seniority.

162. Golden and Alisa Murdock, White woman (sic), were the decision makers.

4

163. Plaintiff suffered lost income and will with reasonable certainty continue to suffer lost income into the foreseeable future.

164. Throughout the term of her employment Plaintiff was deprived of time working, or hours, health insurance and bonuses, on account of race and or retaliation.

165. Discovery will be required to produce a reasonable estimate of the working hours deprived.

166. A more specific statement will be provided as to the amount of out-of-pocket expense of Plaintiff had or health related matters that should have been paid by health insurance that should have been provided but for the unlawful discrimination and retaliation.

167. Upon information and belief, the bonuses were about 2% per year, except for the year 2017, but discovery will reveal this information.

168. Plaintiff suffered severe emotional distress as a result of the actions of the Defendants.

169. The actions and refusal to act of Defendants were in wanton, reckless or deliberate indifference to the rights of (sic) warranting punitive damages.

(Am. Compl. ¶¶ 161-69.) It is unclear how paragraphs 161 and 162 relate to paragraphs 163 through 167, and those paragraphs to paragraphs 168 and 169.

A second example states, "Plaintiff does not know who was selected for [a] position, but it is plausible that it was a White person particularly a White woman given that defendants Golden and Mitchell were highly likely to have had a substantial influence in the decision-making process." (Id. ¶ 148.)

The Amended Complaint is also the third type of shotgun pleading, as it combines as many as four claims against three

5

Defendants under one Count. (See Am. Compl., at 33.) Finally, the Amended Complaint could be said to have committed the fourth "rare sin" of not specifying which defendants are responsible for which acts. While the headings of each Count list which Defendant(s) the Count is directed against, there are frequent references to discriminatory acts unattributed to anyone. (See, e.g., ¶¶ 318-19.)

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted). Shotgun pleadings, like the 332-paragraph Amended Complaint, frustrate this policy.

"When faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (citing Vibe Micro, 878 F.3d at 1296). Thus, Plaintiff shall have an opportunity to replead her Complaint before it is dismissed for failing to comply with Rules 8(a)(2)

6

and 10(b).[2] Plaintiff should take care to eliminate any extraneous material from her Complaint and ensure that it is clear to which Defendant particular factual allegations apply.

Upon consideration, Defendants' joint motion to dismiss or in the alternative motion for more definite statement (Doc. 17) is **GRANTED IN PART**. Plaintiff must file a second amended complaint within **FOURTEEN (14) DAYS** from the date of this Order. Having granted Plaintiff an opportunity to amend her Complaint, the Court **DENIES AS MOOT** the motion to dismiss portion of Defendant's motion.

**ORDER ENTERED** at Augusta, Georgia this 17th day of March, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court acknowledges that Plaintiff has already replead her complaint once in response to Defendant's first motion to dismiss.