```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION
```

| | | |
|---|---|---|
| ALICIA CUMMINGS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 118-161 |
| | * | |
| LAYNE MITCHELL, LEWIS GOLDEN, | * | |
| and AU MEDICAL CENTER, INC. | * | |
| and its predecessors and | * | |
| successors, | * | |
| | * | |
| Defendants. | * | |

## O R D E R

Before the Court is Defendants Layne Mitchell ("Mitchell"), Lewis Golden ("Golden"), and AU Medical Center, Inc.'s ("AUMC") Amended Joint Motion to Dismiss Plaintiff's Second Amended Complaint in lieu of answer and brief in support. (Doc. 52.) For the following reasons, Defendants' motion is **GRANTED**.

### I. BACKGROUND

Plaintiff is an African American woman who worked for Defendant AUMC for more than ten years in an "as needed" position as a radiographer-PRN. (2d Am. Compl., Doc. 49, ¶¶ 7, 13-14.) A PRN does not receive benefits like a full-time employee, can be assigned anywhere, and may receive no work or work more than a full-time employee in any given week. (Id. ¶¶ 15-16.) Despite

Plaintiff's attempts, she was never made a full-time employee and therefore never received employment benefits (i.e. health insurance). (Id. ¶ 21.) She brings suit against Defendants Mitchell, Golden, and AUMC on four counts. Counts I through III are against AUMC and allege: (I) race discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, (II) hostile work environment of denied promotions and retaliation in violation of Title VII, 42 U.S.C. §§ 1981, 1981a and b[1], and (III) constructive termination in violation of Title VII and 42 U.S.C. § 1981. (Id. at 17, 30, 36.) Count IV is against Defendants Mitchell and Golden, individually, alleging constructive termination under Title VII and 42 U.S.C. §§ 1981, 1983. (Id. at 38).

Defendant Mitchell is a white male who was the Director of the Radiology Department at AUMC and supervised Plaintiff. (Id. ¶ 8.) Defendant Golden is a white male who was Chief Technologist of the Radiology Department at AUMC and supervised Plaintiff and made personnel decisions regarding her. (Id. ¶ 9.) Defendant AUMC is sued as the employer of Defendants Mitchell and Golden for race discrimination and retaliation, hostile work environment, and constructive termination. (Id. at 17, 30, 36.)

---

[1] The Court notes that 42 U.S.C. § 1981b does not exist.

Plaintiff timely filed an EEOC charge on December 20, 2016 and received a right to sue letter on June 20, 2018.[2] (Id. ¶¶ 4-5.) The charge with the EEOC was for a denied promotion on August 22, 2016 and "outlined race and gender discrimination, and a severe or pervasive hostile environment, or one of harsher terms and conditions of employment and unfair treatment, as to promotions and benefits on account of race, gender, and retaliation, and indicated she sought to file a Charge."[3] (Id. ¶ 4.)

Plaintiff originally filed suit in this Court against all Defendants on September 19, 2018. (Doc. 1.) She then filed her First Amended Complaint on February 26, 2019. (Doc. 15.) This Court thereafter found the First Amended Complaint to be a shotgun pleading and directed Plaintiff to file a second amended complaint that eliminated extraneous material and ensured it was clear to which Defendant particular allegations applied. (Doc. 39.)

---

[2] "In order to assert a claim of racial discrimination under Title VII, a claimant must file a complaint with the EEOC within 180 days after the alleged discriminatory practice occurred." Stafford v. Muscogee Cnty. Bd. of Educ., 688 F.2d 1383, 1387 (11th Cir. 1982) (citing 42 U.S.C. § 2000e-5(e)). Since the alleged conduct occurred on August 22, 2016, the filing was timely.

[3] No further information was provided regarding the scope of the EEOC charge and right to sue letter. The Court notes that "a plaintiff cannot maintain an action for Title VII discrimination without timely filing an EEOC charge, and, therefore, [a] complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge." Caetio v. Spirit Coach, LLC, 992 F. Supp. 2d 1199, 1212 (N.D. Ala. 2014) (internal quotations and citations omitted). Defendants have not challenged the scope of the EEOC charge as stated by Plaintiff in her Second Amended Complaint. Following the standard to accept plaintiff's allegations as true at the motion to dismiss stage, the Court will accept the EEOC charge as stated in Plaintiff's Second Amended Complaint. See infra note 4.

Pursuant to the Court's directions, Plaintiff filed her Second Amended Complaint on April 8, 2020. (Doc. 49.) Defendants filed the present motion on April 21, 2020. (Doc. 52.) Defendants' motion moves to dismiss on two grounds. First, it alleges Plaintiff failed to cure the deficiencies set forth in the Court's March 17, 2020 Order. (Id. at 5.) Second, it alleges Plaintiff failed to plead facts sufficient to support her 42 U.S.C. § 1981 hostile work environment and constructive discharge claims in Counts II, III, and IV. (Id. at 11.) Plaintiff responded on May 5, 2020 (Doc. 53) and Defendants filed a brief in support of their motion on May 18, 2020 (Doc. 56). Accordingly, Defendants' motion to dismiss has been fully briefed and is ripe for the Court's review.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not

required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty.

---

[4] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1539 (11th Cir. 1991)).

Pursuant to the Court's March 17, 2020 Order, Plaintiff was given an opportunity to replead her complaint as the First Amended Complaint was a shotgun pleading. (Doc. 39, at 6-7.) The Eleventh Circuit provides that "a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (internal citations omitted). A court's order requiring repleading "comes with an implicit notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike [the] pleading or, depending on the circumstances, dismiss [the] case and consider the imposition of monetary sanctions." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotations and citations omitted). These procedures are in place because shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997).

### III. DISCUSSION

Defendants' motion to dismiss asserts Plaintiff failed to cure the deficiencies set forth in this Court's March 17, 2020 Order (Doc. 39) and that Plaintiff failed to plead sufficient facts to support her claims. These claims will be analyzed individually.

**A.  Compliance with the Court's Order (Doc. 39)**

The Court's previous Order in this case analyzed Plaintiff's First Amended Complaint as a shotgun pleading that committed all four "sins" laid out by the Eleventh Circuit in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b). (Id. at 4.) While analyzing the First Amended Complaint's deficiencies, the Court provided illustrative examples of issues within the complaint and provided instructions that Plaintiff should file a second amended complaint that eliminates extraneous material and ensure it is clear to which Defendant the particular factual allegations apply. (Id. at 4-5, 7.)

Plaintiff's Second Amended Complaint still fails to state a cohesive legal claim and still violates Rules 8(a)(2) and 10(b). As outlined in the Court's prior Order, shotgun pleadings come in four types, but it only requires qualifying as one of these four types to be considered a shotgun pleading. The first type are those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland v. Palm Beach Cnty.

Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). The second type are pleadings "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type are those that do not separate each cause of action or claim for relief into a separate count. Id. at 1323. And fourth are pleadings "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. The intention of avoiding shotgun pleadings is to ensure defendants have short and plain statements that provide adequate notice of the claims brought against them. Vibe Micro, 878 F.3d at 1294-95 (citing FED. R. CIV. P. 8(a)(2)). Further, it avoids the creation of an "intolerable toll" on both the court's docket and the parties involved. See Cramer, 117 F.3d at 1263.

The Second Amended Complaint continues to violate these "sins". First, Counts II, III, and IV all reference or explicitly incorporate prior and subsequent counts. (See Doc. 49, ¶¶ 237, 264, 271-72.) This violates the first "sin." Second, despite the Court instructing Plaintiff to eliminate extraneous material from her complaint, the Second Amended Complaint still contains conclusory, vague, and immaterial facts, violating the second "sin." The most blatant example of this comes from the fact that Plaintiff re-alleged, almost verbatim, paragraphs 161 through 169

of the First Amended Complaint as paragraphs 104 through 111 in the Second Amended Complaint. The Court used the original paragraphs in its Order to illustrate facts that were asserted and not obviously connected to any particular cause of action. In the Second Amended Complaint, Plaintiff re-worded these paragraphs only slightly and added a heading titled "Damages" but still did not correct the issue of having a pleading replete with vague facts not obviously connected to any particular cause of action. Another example comes from Plaintiff's conclusory allegations, such as stating "evidence of similar discriminatory and harassing treatment . . . tends to make it more likely that Plaintiff suffered discrimination, harassment and retaliation." (Id. ¶ 256.) By including unnecessary, unconnected, and conclusory facts, the pleading does not provide the proper notice to defendants as required under Rules 8(a)(2) and 10(b). The Court finds that Counts I through IV all contain excessive facts that are unnecessary to prove the required elements of the asserted causes of action. By incorporating prior assertions and restating irrelevant and conclusory facts under every count, it requires the Court and Defendants to speculate how to properly apply the factual allegations to each alleged count. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (classifying complaint as a shotgun pleading because reader must speculate as to which factual allegations pertain to which count).

Third, the Second Amended Complaint does not separate each cause of action or claim for relief into separate counts, violating the third "sin." Even though it was addressed in the prior Order, this complaint continues to combine as many as four claims under Count II. (See Doc. 49, at 30) (alleging violations under Title VII, 42 U.S.C. §§ 1981, 1981a and b). Although the Defendants are labeled more clearly under each count in this version of the complaint, claims that should be plead separately are still combined, making it difficult to decipher which facts apply to which alleged violation. As previously explained, this is a "typical shotgun pleading" because the counts present more than one discrete claim for relief. See Bickerstaff Clay Prods. Co. v. Harris Cnty., Ga., 89 F.3d 1481, 1484 n.4 (11th Cir. 1996) (holding a typical shotgun pleading contains counts that present more than one discrete claim for relief) (internal citations omitted). The concern with claims that are unconnected through various counts, like Plaintiff's, is that "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). A plaintiff should present each claim for relief in a separate count when asserting multiple claims for relief, as required by Rule 10(b).[5] Id.

---

[5] Rule 10(b) explains:

The Court is not required to analyze every "sin" because once it found the other "sins" were explicitly violated, the Second Amended Complaint was considered a shotgun pleading. But the Court notes the final "sin" is also potentially violated because the Complaint does not specify which Defendant is responsible for which alleged acts. Although Plaintiff lists the relevant Defendant in the Count heading, she continues to include factual allegations under each count that are unattributed to the Defendant listed, and sometimes not attributable to anyone. (See Doc. 49, ¶¶ 244-49.)

"On a motion by the defendant, a district court may dismiss a complaint for failure . . . to obey a court order or federal rule." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (citing FED. R. CIV. P. 41(b)). "Dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020) (internal quotations and citations omitted). But, dismissal under Rule 41(b) is only appropriate when there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not

---

> "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."

FED. R. CIV. P. 10(b).

suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotations and citations omitted). The Eleventh Circuit has held that:

> our case law "makes clear that dismissal of a complaint with prejudice [as a shotgun pleading] is warranted under certain circumstances." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018). One circumstance is where . . . the pleader fails to remedy the problems with the complaint after being given another chance . . . to do so.

Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020).

The Court finds here that Plaintiff willfully did not obey the March 17, 2020 Order of this Court by re-filing her Second Amended Complaint replete with the same issues the Court pointed out before. When faced with a shotgun pleading, the Court is required to give the plaintiff a chance to replead a more definitive statement before dismissing the case with prejudice, and that chance was already given. See Embree, 779 F. App'x at 662 (citing Vibe Micro, 878 F.3d at 1296). Lesser sanctions would not suffice in this case because Plaintiff has replead on her own accord (Doc. 15) and at the request of the Court (Doc. 49) and has still failed to file a cohesive legal pleading that follows Rules 8(a)(2) and 10(b). Based on this, the Court finds Plaintiff's Second Amended Complaint (Doc. 49) is a "shotgun pleading" and therefore shall be **DISMISSED WITH PREJUDICE**.

12

B.  **Insufficient Facts to Support Claims**

The Court finds dismissal proper due to the Second Amended Complaint's classification as a shotgun pleading, and therefore finds it unnecessary to analyze Defendants' second justification for dismissal.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Amended Joint Motion to Dismiss (Doc. 52) is **GRANTED** and this matter is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___19th___ day of November, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA